## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **JOSIAH'S TRUCKING LLC** | § | **Case No. 21-70009 (EVR)** |
| | § | |
| **Alleged Debtor** | § | **(Involuntary Proceeding)** |
| | § | |
| **CATHERINE STONE CURTIS,** | § | |
| **INTERIM TRUSTEE** | § | |
| | § | |
| **v.** | § | **Adv. No. 20-[●]** |
| | § | |
| **LAW OFFICE OF ROGELIO SOLIS, PLLC,** | § | |
| **DANIEL SORRELLS LAW FIRM, PLLC;** | § | |
| **ANA GOMEZ; REYES ADRIAN** | § | |
| **ORTIZ, INDIVIDUALLY AND OBO** | § | |
| **ANNA ISABEL ORTIZ, DECEASED;** | § | |
| **ROGELIO SOLIS; AND** | § | |
| **DANIEL SORRELLS.** | § | |

## INTERIM TRUSTEE'S COMPLAINT
## TO AVOID AND RECOVER TRANSFER
## <u>PURSUANT TO 11 U.S.C. §§ 547 AND 550</u>

Catherine Stone Curtis, the Interim Trustee for the above-referenced bankruptcy estate (the "***Trustee***") respectfully files her *Complaint to Avoid and Recover Transfer Pursuant to 11 U.S.C. §§ 547 and 550* against the Law Office of Rogelio Solis, PLLC; the Daniel Sorrells Law Firm, PLLC; Ana Gomez; Reyes Adrian Ortiz, individually and obo Anna Isabel Ortiz, Deceased; Rogelio Solis and Daniel Sorrells, and shows:

### <u>Relief Requested</u>

1.      The Trustee seeks avoidance and recovery of transfer(s) totaling $1,000,000.00 from the Law Office of Rogelio Solis, PLLC; the Daniel Sorrells Law Firm, PLLC; Ana Gomez; Reyes Adrian Ortiz individually and obo Anna Isabel Ortiz, Deceased; Rogelio Solis; and Daniel Sorrells (collectively, the "***Defendants***").

1

2.     Contemporaneously with the filing of this Complaint, the Trustee filed a *Verified Emergency Motion to for Temporary Restraining Order and Preliminary Injunction* (the "**Motion**") to protect the equality of distribution of estate's assets among its creditors, a Congressionally-mandated and controlling bankruptcy law policy and public policy long recognized by the U.S. Supreme Court. *See*, Report of the Commission on the Bankruptcy Laws of the United States, H. R. Doc. No. 137, 93rd Cong., 1st Sess., Part I, 68-83 (1973).

## Jurisdiction and Venue

3.     This Court has jurisdiction of this adversary proceeding under 28 U.S.C. §§ 1334 and 157.  Relief is sought pursuant to 11 U.S.C. §§ 547 and 550 and other applicable law.

4.     This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).  This Court has authority to hear all claims asserted by the Trustee in this complaint.  Pursuant to Bankruptcy Local Rule 7008-1, the Trustee consents to entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

5.     Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409(a) because the above-captioned bankruptcy case is pending before this Court.

## The Parties

6.     Plaintiff, Catherine Stone Curtis, is the appointed interim trustee of the involuntary bankruptcy estate of alleged debtor Josiah's Trucking LLC, (the "**Alleged Debtor**" or "**Josiah's Trucking**"), currently pending in the United States Bankruptcy Court for the Southern District of Texas, McAllen Division under case number 21-70009.

7.      Ana Gomez is an individual.  Service may be made by first class U.S. Mail, postage prepaid, pursuant to Federal Rule of Bankruptcy Procedure 7004(b), on Ana Gomez by mailing a copy of the Complaint to her address at 3707 E. Business Hwy. 83, Space/Trailer 215, Donna, Texas 78537 or by any other means provided for under the Bankruptcy Code.  A copy of the Complaint is also being served upon Ana Gomez's counsel, Rogelio Solis and Daniel Sorrells via email to rogelio@381help.com and Daniel@381help.com.

8.      Reyes Adrian Ortiz, individually and obo Anna Isabel Ortiz, deceased is an individual.  Service may be made by first class U.S. Mail, postage prepaid, pursuant to Federal Rule of Bankruptcy Procedure 7004(b), on Reyes Adrian Ortiz by mailing a copy of the Complaint to his address at 1000 Darlene Ave., Weslaco, Texas 78599 or by any other means provided for under the Bankruptcy Code.  A copy of the Complaint is also being served upon Reyes Adrian Ortiz individually and obo Anna Isabel Ortiz's counsel, Rogelio Solis and Daniel Sorrells via email to rogelio@381help.com and Daniel@381help.com.

9.      The Law Office of Rogelio Solis, PLLC (the "**Solis Law Firm**") is a Texas limited liability company.  Service may be made by first class U.S. Mail, postage prepaid, pursuant to Federal Rule of Bankruptcy Procedure 7004(b), on the Solis Law Firm by serving its registered agent of record, De la Fuente & Solis, PLLC at 205 E. Expressway 83, Pharr, Texas 78577 or by any other means provided for under the Bankruptcy Code.  A copy of the Complaint is also being served upon Rogelio Solis and Daniel Sorrells via email to rogelio@381help.com and Daniel@381help.com.

10.      The Daniel Sorrells Law Firm, PLLC (the "**Sorrells Law Firm**") is a Texas limited liability company.  Service may be made by first class U.S. Mail, postage prepaid, pursuant to Federal Rule of Bankruptcy Procedure 7004(b), on the Sorrells Law Firm by serving its registered

agent of record, Daniel R. Sorrells at 2102 Granbury St., Cleburne, Texas 76033 or by any other means provided for under the Bankruptcy Code.  A copy of the Complaint is also being served upon Rogelio Solis and Daniel Sorrells via email to rogelio@381help.com and Daniel@381help.com.

11.     Rogelio Solis, individually is an individual.  Service may be made by first class U.S. Mail, postage prepaid, pursuant to Federal Rule of Bankruptcy Procedure 7004(b), on Rogelio Solis by mailing a copy of the Complaint to his primary work address at 205 E. Expressway 83, Pharr, Texas 78577 or by any other means provided for under the Bankruptcy Code.  A copy of the Complaint is also being served upon Rogelio Solis via email to rogelio@381help.com.

12.     Daniel Sorrells, individually is an individual.  Service may be made by first class U.S. Mail, postage prepaid, pursuant to Federal Rule of Bankruptcy Procedure 7004(b), on Daniel Sorrells by mailing a copy of the Complaint to his primary work address at 2102 Granbury St., Cleburne, Texas 76033 or by any other means provided for under the Bankruptcy Code.  A copy of the Complaint is also being served upon Daniel Sorrells via email to Daniel@381help.com.

**Relevant Background**

13.     This case arises from a tragic accident that took the lives of two individuals in late December 2020.  On December 19, 2020, Carlos Tellez, Jr. and Anna Isabel Ortiz were travelling southbound on FM 493 in Edinburg, Texas.  At the same time, Juan Manuel Carrerra was driving a tractor trailer combination northbound on FM 493.  Mr. Carrerra's tractor trailer is owned by Josiah's Trucking.  When entering a curve in the roadway, Mr. Carrera lost control of the tractor-trailer sending its trailer into the southbound lane of FM 493.  The trailer struck Mr. Tellez's and

Ms. Ortiz's vehicle causing catastrophic damage and ultimately resulting in their deaths (the "***Accident***").

16.     Anna Isabel Ortiz is survived by Ana Gomez and Reyes Adrian Ortiz (collectively, the "***Ortiz Family***").

15.     Carlos Tellez, Jr. is survived by Sonia Tellez, Carlos Tellez, Rose Mary Rodriquez and I, Tellez, a minor (collectively, the "***Tellez Family***").

16.     Shortly after the Accident both the Ortiz Family and the Tellez Family engaged counsel and began the claims process.  The Ortiz Family employed the Solis Law Firm and the Sorrells Law Firm; and the Tellez Family engaged Escobedo & Cardenas, L.L.P.

17.     At the time of the Accident, Brooklyn Specialty Insurance Company RRG, Inc. ("***Brooklyn Specialty***") insured Josiah's Trucking under Policy ATP-4-062020 (the "***Policy***") which Brooklyn Specialty asserts has an alleged policy limit of $1,000,000.00 per accident in liability coverage.  If Brooklyn Specialty is correct, this may be the total amount of coverage under the terms of the Policy, regardless of the number of potential insureds or the number of persons with claims as a result of the Accident.

18.     On December 29, 2020—nine (9) days after the Accident—the Tellez Family, through their counsel, contacted Brooklyn Specialty notifying them of the Accident, the Tellez Family's claims and requesting the preservation of certain evidence (the "***December 29th Correspondence***").

19.     On January 4, 2021, the Tellez Family filed suit against Josiah's Trucking, David Vasquez (the owner of Josiah's Trucking), and Mr. Carrerra in the Judicial District Court of Hildago County under Cause Number C-0029-21-D (the "***Tellez Lawsuit***").

20.     Brooklyn Specialty responded to the Tellez Family's December 29th Correspondence on Thursday, January 7, 2021, and notified them that it intended to repair the vehicle but offered the Tellez Family an opportunity to inspect it before its repair (the "***BSI Inspection Correspondence***").

21.     On January 8, 2021, counsel for the Tellez Family responded and, based on their inspector's availability, proposed January 13th as the inspection date.

22.     A mere three (3) business days after the BSI Inspection Correspondence—on Tuesday, January 12, 2021, Brooklyn Specialty emailed counsel for the Tellez Family advising them they were welcome to inspect the vehicle, but to be aware that the Policy limits had already been exhausted.

> **From:** Claims <claims@brooklynspecialty.com>
> **Sent:** Tuesday, January 12, 2021 2:16 PM
> **To:** Luis Cardenas <luis@escobedocardenas.com>; Amparo Price <amparo@escobedocardenas.com>
> **Subject:** RE: Tellez - Notice of Intent to Repair and Offer to Inspect Tractor
>
> Mr. Cardenas:
>
> The tractor and trailer are available for inspection on the date and time proposed. We are agreeable to the protocol, except for the provision allowing the removal of any of the control modules. If this is acceptable, please confirm in writing and we will notify the tow yard of the scheduled inspection.
>
> Please be advised that the policy limits under Josiah's Trucking, LLC have been exhausted. Please advise if the inspection will go forward.
>
> Thank you,
>
> Julia
>
> **Brooklyn Specialty Insurance Co. RRG, Inc.**
> 5630 University Parkway
> Winston-Salem, NC 27105

23.     Unbeknownst to the Tellez Family, while they were engaging Brooklyn Specialty regarding the Accident, the Ortiz Family made a Stowers demand on Brooklyn Specialty.  Less than twenty-four (24) days after the Accident, which included the Christmas and New Year's holidays, Brooklyn Specialty settled with the Ortiz Family. On or around January 12, 2021, Brooklyn Specialty made one or more transfers totaling as much as $1,000,000.00 to Defendants

Solis Law Firm and/or Sorrells Law Firm, counsel for the defendants Ana Gomez and Reyes Adrian Ortiz obo Anna Isabel Ortiz, Deceased (the "**Transfer**").

24.     On January 24, 2021 (the "**Petition Date**"), three (3) petitioning creditors, Sonia Tellez, Carlos Tellez and Rosemary Rodriguez, Individually and as next friend of I. Tellez, a minor (the "**Petitioning Creditors**") filed an involuntary bankruptcy petition seeking an order for relief against Josiah's Trucking under chapter 7, title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas, McAllen Division (the "**Court**").  The Petitioning Creditors assert claims against the Alleged Debtor of $8,000,000.00 arising from the Accident (defined below).

25.     On January 26, 2021, the Petitioning Creditors filed their *Emergency Motion for an Order Appointing an Interim Trustee under 11 U.S.C. § 701 and Granting Emergency Relief* (the "**Motion to Appoint Trustee**").  [Case No. 21-70009, Docket No. 3].

26.     On February 2, 2021, the Court, after a hearing, granted the Motion to Appoint Trustee and ordered the appointment of an interim trustee.  [Case No. 21-70009, Docket No. 15]. Shortly thereafter, Catherine Curtis was appointed the Interim Trustee.

27.     As set forth below, the Trustee submits that the Transfer was a preferential payment which may be avoided by the Trustee pursuant to 11 U.S.C. § 547 and recovered pursuant to 11 U.S.C. § 550.

### Count I – Transfer Avoidable Under 11 U.S.C. § 547

28.     The Trustee re-alleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

29.     The Trustee would show the Transfer is avoidable under 11 U.S.C. § 547.

30.     Section 547(b) of the Bankruptcy Code provides:

Except as provided in subsections (c) and (i) of this section, the trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under section (c), avoid any transfer of an interest of the debtor in property—

    (1)    to or for the benefit of a creditor;

    (2)    for or on account of an antecedent debt owed by the debtor before such transfer was made;

    (3)    made while the debtor was insolvent;

    (4)    made—

        (A)    on or within 90 days before the date of the filing of the petition; or

        (B)    between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

    (5)    that enables such creditor to receive more than such creditor would receive if—

        (A)    the case were a case under chapter 7 of this title;

        (B)    the transfer had not been made; and

        (C)    such creditor received payment of such debt to the extent provided by the provisions of this title.

31.    Pursuant to 11 U.S.C. § 547, the Transfer constitute an avoidable preference.

32.    The Transfer to the Defendants constitutes a transfer of an interest of the Alleged Debtor in property.  The sum of all claims against the Alleged Debtor arising from the Accident significantly exceed the coverage provided by the Policy.  Under the circumstances of this case, the Policy proceeds were property of the Alleged Debtor at the time the Accident occurred.  *See Martinez v. OGA Charters, L.L.C. (In re Charters, L.L.C.)*, 901 F.3d 599 (5th Cir. 2018).  The Alleged Debtor had an equitable interest in the proceeds at the time of the Accident.  *Id.* at 604.  Upon the filing of the bankruptcy case, the Policy proceeds became property of the bankruptcy estate under 11 U.S.C. § 541(a)(1).

33.    The Transfer was to or for the benefit of the Defendants.

34.     The Transfer was for or on account of an antecedent debt owed by Alleged Debtor before such payment was made.  The Transfer was made on behalf of the Alleged Debtor.  The Transfer was made on the Alleged Debtor's liability that arose from the Accident.

35.     Pursuant to 11 U.S.C. § 547(f), the Debtor is presumed to have been insolvent on and during the ninety (90) days immediately preceding the date of the filing of the petition. Moreover, based on information and belief, as a result of the Accident, the Alleged Debtor was insolvent as the claims resulting from the Accident grossly exceeded the value of the Alleged Debtor's assets.

36.     The Transfer was made on or within the ninety (90) days before the Petition Date.

37.     The Transfer enabled the Defendants to receive more than what the Defendants would have received if (i) the Alleged Debtor's case was one under chapter 7 of the Bankruptcy Code; (ii) the Transfer had not been made; and (iii) the Defendants had received payment of the Alleged Debtor's debt to the extent provided by the provisions of the Bankruptcy Code.  The Trustee asserts that unsecured creditors will not be paid in full from the proceeds of the liquidation of the Alleged Debtor's assets.

38.     The Trustee has conducted reasonable due diligence given the circumstances of this involuntary bankruptcy case.  Based on the circumstances of the case and taking into account the Defendant's known or reasonably knowable affirmative defenses, the Trustee has determined in her business judgment to pursue avoidance and recovery of the Transfer.

## **Count II – Transfer Recoverable Under 11 U.S.C. § 550**

39.     The Trustee re-alleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

40.     The Trustee would show the Transfer is recoverable under 11 U.S.C. § 550.

41.     Section 550(a)(1) of the Bankruptcy Code, in pertinent part, provides:

> Except as otherwise provided in this section, to the extent that a transfer is avoided under section . . . 547 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
>
> > (1)     the initial transferee of such transfer or the entity for whose benefit such transfer was made . . . .

42.     The Defendants were the initial transferees of the Transfer.

43.     The  Trustee is entitled to avoid and recover the Transfer from the Defendants under 11 U.S.C. §§ 547 and 550.

## **Relief**

The  Plaintiff, Catherine  Stone  Curtis, the  Interim  Trustee  prays  that  this  Court  enter judgment in her favor as set forth above and to grant all further relief to which she is justly entitled.

DATED this the 9th day of February, 2021.

Respectfully submitted,

*/s/ Simon R. Mayer*
Elizabeth M. Guffy
Texas Bar Number 08592525
Simon R. Mayer
Texas Bar Number 24060243
Locke Lord LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 226-1507
Facsimile: (713) 229-2675
Email: Eguffy@lockelord.com
Simon.Mayer@lockelord.com

**Attorney for Catherine Stone Curtis,
Interim Trustee**